No. _____

---

SHORT RECORD
Appeal No. 14-8027
Filed 10/16/14

IN THE

# UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

---

IN RE: H&R BLOCK REFUND
ANTICIPATION LOAN LITIGATION

---

On Petition for Permission to Appeal from an Order of the United States District Court for
the Northern District of Illinois, Eastern Division, MDL No. 2373, No. 1:12-cv-02973
The Honorable **Joan B. Gottschall**, Judge Presiding

---

## PETITION FOR PERMISSION TO APPEAL

---

JOSEPH HENRY (HANK) BATES III
JOHN C. WILLIAMS
CARNEY, BATES & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
(501) 312-8500
hbates@cbplaw.com
jwilliams@cbplaw.com

KENNETH J. GRUNFELD
RICHARD M. GOLOMB
RUBEN HONIK
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, Pa 19102
(215) 985-9177
kgrunfeld@golombhonik.com
rgolomb@golombhonik.com
rhonik@golombhonik.com

*Co-Lead Counsel for Plaintiffs/Petitioners*

## CIRCUIT RULE 26.1   DISCLOSURE STATEMENT

Appellate Court No: _____

Short Caption: In re: H&R Block Refund Anticipation Loan Litigation _____

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> **[   ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Sandy K. Morton, Maryam A. Ballard, Melissa N. Gaskins, Phyllis J. Robinson, Anthony Johnson, Melissa Mays,

William Wimbley, Ana Rosa Iglesias, Norma Molina-Servin, Maggie Murchio, Charles Gasque, Iris Orta,

Vanesha M. Wright, Pamela A. Hill, Janette M. Johnson, Rene Hernandez, Helen Hernandez, Catherine Gaddy

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Carney, Bates & Pulliam, PLLC; Golomb & Honik, P.C.; Cafferty Clobes Meriwether & Sprengel, LLP; Ku &

Mussman, P.A.; Milstein Adelman, LLP; Jackson & McGee, LLP; Ademi & O'Reilly LLP; Robins, Kaplan, Miller

& Ciresi, LLP; Janet, Jenner & Suggs, LLC; Gersowitz, Libo & Korek, P.C.

(3)  If the party or amicus is a corporation:

   i)  Identify all its parent corporations, if any; and

   _____

   ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

   _____

Attorney's Signature: s/ Hank Bates _____     Date: October 16, 2014

Attorney's Printed Name: Joseph Henry (Hank) Bates III

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes  ✕   No _____

Address:  11311 Arcade Drive, Suite 200

    Little Rock, AR 72205

Phone Number: 501.312.8500          Fax Number: 501.312.8505

E-Mail Address: hbates@cbplaw.com

i                                                      rev. 01/08 AK

## TABLE OF CONTENTS

Disclosure Statement.................................................................................. i

Table of Contents ...................................................................................... ii

Table of Authorities ................................................................................. iii

Introduction ............................................................................................... 1

Question Presented.................................................................................... 2

Facts Necessary to Understand Question Presented ................................ 3

Reasons for Permitting Appeal ................................................................. 5

I.     28 U.S.C. 1292(B) IS SATISFIED .......................................................... 7

    A.     The district court's interpretation of the FAA and *Concepcion* presents a pure question of law ............................... 7

    B.     Whether the district court properly interpreted the FAA and *Concepcion* is a question that controls the course of the litigation........ 7

    C.     The scope of FAA preemption after *Concepcion* is a novel question about which jurists have disagreed ......................................... 8

    D.     Immediate resolution would contribute to speedy termination of the litigation ......................................................... 10

    E.     Plaintiffs sought an interlocutory appeal within a reasonable amount of time........................................................ 12

II.    THIS APPEAL PRESENTS IMPORTANT QUESTIONS ON THE MERITS ...................... 12

    A.     The district court's order implicates important federalism concerns ....................................................................... 13

    B.     The district court's order fails to recognize that Plaintiffs did not agree to arbitrate....................................................... 16

Relief Requested ...................................................................................... 18

T<small>ABLE OF</small> A<small>UTHORITIES</small>

## CASES

*Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*,
   219 F.3d 674 (7th Cir. 2000) ...................................................................... 5, 7, 8, 12

*Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*,
   347 F.3d 665 (7th Cir. 2003) ................................................................... 11

*Arizona v. United States*,
   132 S. Ct. 2492 (2012) ........................................................................... 13

*ATT Mobility LLC v. Concepcion*
   131 S. Ct. 1740 (2011) ...................................................................*passim*

*Boim v. Quranic Literacy Inst.*,
   291 F.3d 1000 (7th Cir. 2002) ................................................................ 8

*Boomer v. AT&T Corp.*,
   309 F.3d 404 (7th Cir. 2002) ................................................................. 7

*Delock v. Securitas Sec. Servs. USA, Inc.*,
   883 F. Supp. 2d 784 (E.D. Ark. 2012) .................................................. 11

*Druco Restaurants, Inc. v. Steak N Shake Enters., Inc.*,
   No. 13-3489 (7th Cir. Aug. 29, 2014) ................................................ 2, 17

*Gay v. CreditInform*,
   511 F.3d 369 (3d Cir. 2007) ................................................................. 11

*Geier v. Am. Honda Motor Co.*,
   529 U.S. 861 (2000) ............................................................................. 13

*Hoffman v. Citibank (South Dakota), N.A.*,
   546 F.3d 1078 (9th Cir. 2008) .............................................................. 11

*Imburgia v. DirecTV, Inc.*,
   225 Cal. App. 4th 338 (Cal. Ct. App. 2014) ............................... 4, 9, 10, 17

*Johnson v. Burken*,
   930 F.2d 1202 (7th Cir. 1991) .............................................................. 7

*Jones v. Rath Packing Co.*,
430 U.S. 519 (1977) ............................................................................ 13

*Murphy v DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ............................................. 4, 5, 8, 9, 10

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
388 U.S. 395 (1967) ............................................................................ 17

*Reese v. BP Exploration (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ................................................................. 8

*Rice v. Santa Fe Elevator Corp.*,
331 U.S. 218 (1947) ............................................................................ 13

*Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*,
202 F.3d 957 (7th Cir. 2000) ............................................................... 12

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994)
511 U.S. 298 (1994) ....................................................................... 15 n.4

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
86 F.3d 656 (7th Cir. 1996) .................................................................. 7

*Sterk v. Redbox Automated Retail, LLC*,
672 F.3d 535 (7th Cir. 2012) ............................................................... 12

*Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*,
515 U.S. 528 (1995) ............................................................................ 11

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*,
489 U.S. 468 (1989) ...................................................................... 14, 16

## STATUTES & RULES

9 U.S.C. § 2 ................................................................................. 14, 15

9 U.S.C. § 9 ....................................................................................... 11

9 U.S.C. § 16 ............................................................................. 1, 5, 11

28 U.S.C. § 1292 ........................................................................ *passim*

29 U.S.C. § 1144.................................................................................................. 13

**OTHER AUTHORITIES**

Caleb Nelson, *Preemption*, 86 Va. L. Rev. 225 (2000)................................. 13

<u>INTRODUCTION</u>

This case concerns the effect of the Federal Arbitration Act ("FAA") upon state law. Does the FAA nullify state laws that are inconsistent with arbitration, rendering them entirely void? Or does the FAA merely displace such state laws in situations where the FAA applies and the state laws conflict with a preexisting agreement to arbitrate?

Plaintiffs signed form contracts to obtain loans. Those form contracts contain an arbitration provision. However, by its own terms, the arbitration provision does not apply to agreements entered into in states whose law prohibits class-action waivers or arbitration. When Defendants sought to compel arbitration, Plaintiffs responded that they never agreed to arbitrate because they entered into the agreement in states whose law prohibits arbitration and/or class-action waivers. Because the federal policy favoring arbitration does not apply to questions of contract formation, Plaintiffs asked the district court to respect their contracts and to deny Defendants' motion to compel. However, the district court held that the parties could not make arbitration contingent upon the status of the state laws in question because the FAA, as interpreted by *ATT Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), completely nullified those laws. The district court therefore entered an order compelling arbitration.

Recognizing the contestability of *Concepcion*'s effect on state law, the district court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b), as permitted by 9 U.S.C. § 16(b). The district court correctly determined that its order

involves a controlling question of pure law as to which there is a substantial ground for difference of opinion. Moreover, immediate appeal materially advances the ultimate termination of the litigation, because otherwise eighteen individual arbitrations would precede an appeal of the district court's order.

Additionally, this appeal presents compelling questions about federalism and about the formation of arbitration agreements. The conclusion that the FAA completely nullifies state law, rather than merely displacing it in specific circumstances, unduly interferes with the states' ability to regulate (and enforce) consumer contracts of adhesion. Furthermore, the district court erred by invoking a federal policy favoring arbitration, because that policy does not apply to formation questions such as those at issue here. *See Druco Restaurants, Inc. v. Steak N Shake Enters., Inc.*, No. 13-3489, slip op. at 9 (7th Cir. Aug. 29, 2014).

Because this appeal satisfies the standards of 28 U.S.C. § 1292(b) and presents important questions of law, Plaintiffs respectfully request that the Court grant this petition for interlocutory appeal and reverse the district court's order.

### QUESTION PRESENTED

Does the FAA, as interpreted by *Concepcion*, nullify all state laws forbidding class-action waivers or arbitration, thereby preventing parties from making an agreement to arbitrate contingent on those laws? Or is *Concepcion* limited to the holding that parties may not invalidate an existing agreement to arbitrate by looking to generally applicable state law hostile to arbitration?

## FACTS NECESSARY TO UNDERSTAND QUESTION PRESENTED

The current action consists of nine consolidated cases with eighteen individual named plaintiffs. *See* R. 1–3, JPML Orders.[1] Defendants are for-profit tax preparers. Plaintiffs' claims concern Defendants' "Refund Anticipation Loans," which are short-term loans secured and repaid directly from a consumer's IRS tax refund. As alleged in the complaint, Defendants provide the loans to fund their tax-preparation services as well as for the consumer's personal use. Defendants deduct the loan principal plus fees from the consumer's tax refund. *See* R. 18, Consol. Am. Compl. ¶¶33–36, 41–43. The fees that Defendants attach to Refund Anticipation Loans are inadequately disclosed and amount to triple-digit interest rates, in violation of numerous state laws. *See id.* ¶¶37–40, 44–126, 264–514.

Defendants' form contract, to which all Plaintiffs are parties, contains a general clause requiring either party to arbitrate at the other party's request. *See* R. 23-1 at 7, Contract § 11. However, this general clause is preceded by the following language written in all caps, which says that the arbitration provision does not apply in certain states:

> IF YOU APPLY FOR A RAC[2] IN A STATE THAT PROHIBITS ARBITRATION OR CLASS ACTION WAIVERS FOR CLAIMS RELATED TO A RAC OR THE TRANSACTION TO APPLY FOR OR OBTAIN A RAC, THIS SECTION ELEVEN (11)[3] SHALL NOT APPLY TO THOSE CLAIMS.

---

[1] Record citations refer to the district-court record unless otherwise noted.

[2] "RAC" is shorthand for the Refund Anticipation Loans that are the subject of Plaintiffs' complaint.

[3] Section 11 is entitled "Arbitration Provision."

*Id.* Accordingly, in certain states, it is as if the contract contains no arbitration provision at all. A savvy reader of this contract who is knowledgeable of her state's laws and who lives in a state that prohibits arbitration or class-action waivers would not even bother to read on, because the "all caps" language alerts her that the provision "shall not apply."

Defendants filed a motion to compel arbitration under the FAA. *See* R. 22, Mot. to Compel. Plaintiffs responded that the FAA does not apply. Because the arbitration provision is triggered *only if* their states do not prohibit arbitration or class-action waivers for their claims, and because their states do, in fact, prohibit arbitration and/or class-action waivers for their claims, the parties never agreed to arbitrate. *See* R. 52, Pls.' Resp.

The district court rejected Plaintiffs' reasoning. It held that *Concepcion* requires arbitration because the FAA negates or destroys the state laws in question—those prohibiting arbitration as well as more general laws prohibiting class-action waivers. Therefore, the parties could not make arbitration contingent upon those laws. *See* R. 91, Order. To reach this conclusion, the district court relied on the Ninth Circuit's opinion in *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th Cir. 2013), and rejected the California Court of Appeals' contrary conclusion in *Imburgia v. DirecTV, Inc.*, 225 Cal. App. 4th 338 (Cal. Ct. App. 2014), *petition for review denied*, No. S218686, 2014 Cal. LEXIS 5116 (Cal. July 23, 2014). Specifically, the district court agreed with the Ninth Circuit's holding that a state law inconsistent

with arbitration "is not, and indeed never was, [state] law." R. 91, Order at 6

(quoting *Murphy*, 724 F.3d at 1226).

Plaintiffs filed a motion asking the district court to certify an interlocutory

appeal under 28 U.S.C. § 1292(b). R. 93. A full round of briefing followed. *See* R. 94,

Br. in Support of Mot.; R. 96, Defs.' Resp.; R. 97, Pls.' Reply. On October 8, 2014, the

district court granted Plaintiffs' motion and amended its order to certify an

interlocutory appeal. R. 98, Certification Order. This petition is timely because

Plaintiffs filed it with the circuit clerk within ten days of the district court's

certification order. *See* 28 U.S.C. § 1292(b).

### REASONS FOR PERMITTING APPEAL

As a general rule, orders compelling arbitration are not immediately

appealable. However, there is an exception to this rule where a party can show that

the order satisfies the standard of 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b). Under

§ 1292(b), the federal courts of appeal have discretion to accept an interlocutory

appeal where the district court certifies that its order "involves a controlling

question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate

termination of the litigation." As this Court has stated, interlocutory appeal may be

accepted if four conditions are satisfied: "there must be a question of *law*, it must be

*controlling*, it must be *contestable*, and its resolution must promise to *speed up* the

litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir.

2000).

Each of these conditions is present here. Whether the district court correctly interpreted the FAA and *Concepcion* is a pure question of law that controls the course of the litigation. The answer to the question is contestable, as shown by two judicial opinions on the matter that directly conflict. Immediate appeal is in the interest of efficiency, given that an outcome in Plaintiffs' favor will avoid the need for eighteen individual arbitrations and save the considerable resources that those arbitrations would require.

Additionally, the Court should exercise its discretion to hear this appeal because it presents two compelling issues on the merits. First, the district court's order implicates an important federalism concern. If the district court is correct and the FAA nullifies state laws concerning bans on arbitration and class-action waivers, then those laws can *never* have effect, even if the parties' contract does not involve interstate commerce or if an arbitration clause does not apply. The states would thereby be limited in their ability (1) to regulate arbitration even where no federal interest is involved and (2) to regulate class-action waivers outside the context of arbitration. Second, the district court's order neglects a fundamental tenet of arbitration law: that arbitration is a matter of consent and that a party can only be required to arbitrate where it has previously agreed to that forum. The FAA limits a party's ability to renege on an agreement to arbitrate; it does not force a party to agree to arbitrate in the first place.

## I.   28 U.S.C. 1292(b) is Satisfied

**A.    The district court's interpretation of the FAA and *Concepcion* presents a pure question of law.**

To be subject to interlocutory appeal, an order must depend upon a pure question of law that can be quickly decided without scouring the record. *See Ahrenholz*, 219 F.3d at 676 (holding that "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine"). This condition is satisfied here. Interpretation of *Concepcion* presents a pure legal question. Likewise, whether the FAA nullifies all state laws prohibiting class-action waivers or arbitration is a pure question of law. *See Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002). The question presented may be decided rapidly upon appeal with scant reference to the record.

**B.    Whether the district court properly interpreted the FAA and *Concepcion* is a question that controls the course of the litigation.**

For a question of law to be controlling, it need not be outcome determinative. Rather, a question of law is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). *See also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (stating that the term "controlling" means "serious to the conduct of the litigation, either practically or legally"). The question presented here is controlling in that sense. Were this Court to hold that the FAA does not negate all state laws banning class-action

waivers or limiting arbitration, then the case would proceed in a judicial forum and avoid a lengthy detour to eighteen arbitrators. Moreover, Plaintiffs would retain rights that they would not have in arbitration. This element of § 1292(b) is satisfied.

## C.    The scope of FAA preemption after *Concepcion* is a novel question about which jurists have disagreed.

For there to be "substantial ground for difference of opinion" about a question, its answer must be "contestable." *Ahrenholz*, 219 F.3d at 675. Determining whether an issue is contestable requires a qualitative analysis, not an exercise in opinion counting—particularly where the question is a novel one. As the Ninth Circuit has explained, "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). *Cf. Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007–08 (7th Cir. 2002) ("As these are questions of first impression, the application of these statutes to the facts alleged here is certainly contestable.").

Here, whether the FAA (via *Concepcion*) completely nullifies state laws that are inconsistent with arbitration—rather than simply displacing them when the FAA applies and when there is a preexisting agreement to arbitrate—is a question of first impression in this Circuit. Moreover, it is a question upon which courts have disagreed. In *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1224 (9th Cir. 2013), the Ninth Circuit considered the effect of the following clause: "If, however, the law of your state would find this agreement to dispense with class arbitration procedures

unenforceable, then this entire [arbitration provision] is unenforceable." The court held that the parties could not make an obligation to arbitrate contingent upon state law regarding class arbitration because *Concepcion* nullified such laws: "The parties agreed not to arbitrate only if state law required the availability of class arbitration procedures to enforce the arbitration clause. *Concepcion* precludes such state laws." *Murphy*, 724 F.3d at 1228.

In *Imburgia v. DirecTV, Inc.*, 225 Cal. App. 4th 338 (Cal. Ct. App. 2014), the California Court of Appeals reached the opposite conclusion and expressly rejected the reasoning of *Murphy* when considering identical contractual language. The court held that, under *Concepcion*, the FAA did not nullify the state law upon which the plaintiff sought to rely. Rather, the court held that the terms of the contract required an examination of state law to determine whether the parties agreed to arbitrate in the first place:

> [I]nsofar as [*Murphy*] reasoned that contract interpretation is irrelevant because the parties are powerless to opt out of the FAA by contract, we are aware of no authority for the court's position. Rather, . . . if the customer agreement expressly provided that the enforceability of the class action waiver 'shall be determined under the (nonfederal) law of your state without considering the preemptive effect, if any, of the FAA,' then that choice of law would be enforceable; *Murphy* cites no authority to the contrary. Consequently, the dispositive issue is whether the parties intended to make that choice. As a result, the parties' various contract interpretation arguments are not largely irrelevant.

*Imburgia*, 225 Cal. App. 4th at 346–47 (citation and internal quotation marks omitted).

These cases interpret *Concepcion* differently. *Murphy* holds that the FAA nullifies all state laws addressing arbitration and that parties therefore may not make arbitration contingent upon such laws. *Imburgia* holds that the FAA does not nullify all state laws regarding arbitration and that parties therefore may make arbitration contingent upon such laws. The issue upon which the courts disagreed—whether the FAA, as interpreted by *Concepcion*, (1) nullifies all state laws limiting arbitration (including prohibitions on class-action waivers that appear in contracts without an arbitration provision) or (2) displaces them only to the extent that they interfere with preexisting agreements to arbitrate—is the very issue presented here.

## D.    Immediate resolution would contribute to speedy termination of the litigation.

Interlocutory appeals are warranted only if they promise some efficiency benefit in ending the litigation. The crucial consideration is whether, in light of the facts of a given case, an interlocutory appeal "*may* materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). Certainty is not required—only the prospect that an appeal is more likely to expedite than to delay.

That standard is satisfied under the circumstances here. The district court's order enforces a contractual clause requiring individual arbitration—each plaintiff in each case would be required to participate in a separate arbitration proceeding. The order governs nine underlying cases with eighteen individual plaintiffs. Thus, Defendants' suggested approach will require eighteen individual arbitrations in at least nine separate locations. After all these arbitration proceedings are completed,

the case will return to the district court for entry of final judgment. *See* 9 U.S.C. § 9; R. 23-1 at 8, Contract § 11. At that point, Plaintiffs will be entitled to appeal the district court's order compelling arbitration. *See Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668–69 (7th Cir. 2003). The result is potential waste of all the time and money that those arbitrations required. On the other hand, if this Court settles the issue before arbitration, this waste could be avoided. *See Delock v. Securitas Sec. Servs. USA, Inc.*, 883 F. Supp. 2d 784, 792 (E.D. Ark. 2012) ("If this Court is mistaken about enforceability, then after these twelve guards' claims have been arbitrated individually, and after those awards have been confirmed (or not, as may be), 9 U.S.C. § 9, and after the Court of Appeals reverses and returns the case for adjudication as a collective action, 9 U.S.C. § 16(a), the parties will have to start over. That long road would waste everyone's scarce resources.").

In light of the considerable waste that eighteen arbitrations are likely to engender, the Court should permit this appeal. Though arbitration is a favored means of quick dispute resolution, an appeal from an order compelling arbitration should be permitted where the requirements of § 1292(b) are met. The FAA expressly allows such appeals. *See* 9 U.S.C. § 16(b). Both the Supreme Court and federal appellate courts have accepted cases in this posture. *See, e.g., Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 532 (1995); *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1081–82 (9th Cir. 2008); *Gay v. CreditInform*, 511 F.3d 369, 375 (3d Cir. 2007). And though a ruling by this Court

in Plaintiffs' favor will require further proceedings in the district court, that fact is tangential to the Court's analysis, for "neither the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

## E.    Plaintiffs sought an interlocutory appeal within a reasonable amount of time.

A final (though non-statutory) requirement for an interlocutory appeal is that the request be made within a reasonable amount of time. *Ahrenholz*, 219 F.3d at 675. There is no hard deadline, but the request may not be "inexcusably dilatory," as a two-month delay has been held to be. *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). Here, Plaintiffs moved for certification twenty-eight days after the district court's order. Defendants have not claimed that this is an unreasonable amount of time, and Plaintiffs have not acted with dilatory purpose. Moreover, as 28 U.S.C. § 1292(b) requires, Plaintiffs have submitted their petition for permission to appeal to this Court within ten days of the certification order, which the district court entered on October 8, 2014.

## II.    This Appeal Presents Important Questions on the Merits

While the satisfaction of 28 U.S.C. § 1292(b) is sufficient to accept this appeal, there are compelling reasons to do so on the merits as well. First, the district court's order has significant federalism implications. Second, the district court's order contradicts the principle that arbitration is a matter of consent and

that parties can only be made to arbitrate where they have previously agreed to submit to an arbitral forum.

**A.     The district court's order implicates important federalism concerns.**

Congressional power to nullify state law is circumscribed. Under the Supremacy Clause, Congress may expressly nullify state law with a clear statement to that effect. *See, e.g.*, 29 U.S.C. § 1144 (nullifying any state law that "may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title"). Additionally, the doctrine of field preemption prevents the states from enacting even parallel regulation if Congress has determined that a particular field should be reserved to the federal government. *See, e.g.*, *Arizona v. United States*, 132 S. Ct. 2492, 2502 (2012). Where neither doctrine applies, however, the states may legislate in an area so long as their laws do not actually conflict with federal law—that is, so long as compliance with state law does not violate federal law. *See Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 873 (2000). If the laws cannot co-exist, the federal law displaces the state law. But where the state law does not interfere with the federal law, the state law continues to have full force. Otherwise, state sovereignty is disregarded and federalism collapses. *See generally* Caleb Nelson, *Preemption*, 86 Va. L. Rev. 225, 225–32 (2000). Indeed, conflict-preemption analysis includes the assumption that "the historic police powers of the States [a]re not to be superseded . . . unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). "This assumption provides assurance that 'the federal-

state balance' will not be disturbed unintentionally by Congress or unnecessarily by the courts." *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977) (citation omitted).

As the district court recognized in its certification order, its order compelling arbitration depends upon a finding that the FAA (via *Concepcion*) nullifies state laws prohibiting class-action waivers and arbitration rather than merely displacing them when the parties have already agreed to arbitrate. *See* R. 98, Certification Order at 3. However, the FAA does not contain an express-preemption clause that would nullify state prohibitions on class-action waivers or other state laws inconsistent with arbitration. Nor is arbitration a field over which the federal government has exclusive authority. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 477 (1989) ("The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration."); *see also* 9 U.S.C. § 2 (arbitration provisions enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract"). Rather, *Concepcion*'s holding is premised on conflict preemption—when a state law of general applicability is applied in a way that interferes with a preexisting agreement to arbitrate, the law is displaced. *See Concepcion*, 131 S. Ct. at 1747.  By displacing such state laws, the FAA protects valid agreements to arbitrate. *See id.* at 1748 ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."). *Concepcion* says nothing about nullifying state laws that disfavor

arbitration or class-action waivers when there is no preexisting arbitration agreement to trigger the FAA's protections.[4]

*Concepcion*'s silence is understandable because state laws (like those at issue here) frequently have an effect independent of the FAA. First, the FAA does not even apply unless the transaction in question concerns interstate commerce. *See* 9 U.S.C. § 2. If it does not, a *per se* state arbitration ban does not interfere with the FAA and remains perfectly enforceable. More strikingly, prohibitions on class-action waivers frequently appear in contracts that do not contain arbitration provisions. If the FAA nullified those prohibitions, they would have no effect even if the contract containing the class-action waiver lacks an arbitration clause. But *Concepcion* does not prevent states from enforcing prohibitions on class-action waivers. It merely says that the FAA displaces such prohibitions when parties seek to use them to avoid an otherwise valid, existing agreement to arbitrate.

In sum, *Concepcion* left state prohibitions on arbitration and class-action waivers intact. As a result, parties may make arbitration (or any other obligation) contingent upon those state laws.

---

[4] In the briefing below, Defendants argued that the district court's order is not about *Concepcion* at all, but rather is about whether the Supreme Court's interpretation of a statute (*i.e.*, the FAA) applies retroactively. *See* R. 96, Defs.' Resp. at 7 ("[T]he scope of *Concepcion* is not at issue in the July 23 Order; the ruling was based on the Supreme Court's holding in *Rivers* [*v. Roadway Express, Inc.*, 511 U.S. 298 (1994)].")). However, Plaintiffs never contested *Rivers*'s holding that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers*, 511 U.S. 312–13. Instead, the question is whether the FAA, as interpreted by *Concepcion*, has *ever* completely nullified state laws in the absence of a preexisting agreement to arbitrate. The timing of *Concepcion* is irrelevant to the analysis at hand.

**B.    The district court's order fails to recognize that Plaintiffs did not agree to arbitrate.**

The district court's order compelling arbitration has an additional flaw because it fails to recognize that arbitration is a matter of consent between the parties. A person cannot be forced to arbitrate without her consent. As the Supreme Court has explained, "the FAA does not require parties to arbitrate when they have not agreed to do so . . . . It simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt*, 489 U.S. at 478. Therefore, the principal question confronting a court faced with a motion to compel arbitration is whether a valid agreement to arbitrate exists.

Here, the district court failed to determine whether an arbitration agreement exists and decided instead that *Concepcion* requires arbitration. This approach was erroneous. Hypothetically, parties might write a contract such that certain obligations are triggered only if the state in which the agreement was made has laws, for example, permitting capital punishment or imposing a seventy-mile-per-hour speed limit. If the facts failed to trigger the obligation, a court would refuse to enforce it. The contract at issue here is of that nature. As the contract plainly states, the arbitration provision "shall not apply" if "you apply for a RAC in a state that prohibits arbitration or class action waivers for claims related to a RAC or the transaction to apply for or obtain a RAC." R. 23-1 at 7, Contract § 11. In other words, the parties said they would not arbitrate if the laws of their states prohibit arbitration or class-action waiver for claims related to Refund Anticipation Loans. Because the FAA does not nullify those laws, the district court should have

analyzed them and made a determination of whether each plaintiff agreed to arbitrate.

The district court's decision to compel arbitration apparently stems from its belief that liberal federal policy in favor of arbitration required it to do so. *See* R. 91, Order at 9 (declining to apply *Imburgia* because it "failed to take account of the liberal federal policy favoring arbitration"). However, the Seventh Circuit has been clear that the policy only comes into play once it is determined that the parties have entered into a valid agreement to arbitrate. *See Druco Restaurants*, No. 13-3489, slip op. at 9. Only then do the courts resolve all doubts as to an arbitration clause's scope and enforceability in favor of arbitration. But the policy does not apply to contract-formation analysis. As this Court recently explained in *Druco Restaurants*, "Both federal and state courts acknowledge that the FAA's policy in favor of arbitration applies when determining the *scope* of an agreement to arbitrate, but not when deciding whether there is an agreement to arbitrate in the first instance." *Id.*; *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967) (the FAA was designed to "make arbitration agreements as enforceable as other contracts, but not more so").

Given that contract formation is determined without regard to federal policy favoring arbitration and that the state laws upon which Plaintiffs rely continue to have force after *Concepcion*, the district court erred by compelling arbitration. Under the plain terms of the contract, the parties never intended to arbitrate in

states with laws prohibiting arbitration or class-action waivers. Accordingly, the

district court's order should be reversed.

## RELIEF REQUESTED

For the reasons stated herein, Plaintiffs respectfully request that the Court

grant this petition for interlocutory appeal and reverse the district court's order.


Respectfully submitted,

/s/  Hank Bates

| | |
|---|---|
| Joseph Henry (Hank) Bates III | Kenneth J. Grunfeld |
| John C. Williams | Richard M. Golomb |
| CARNEY, BATES & PULLIAM, PLLC | Ruben Honik |
| 11311 Arcade Drive, Suite 200 | GOLOMB & HONIK, P.C. |
| Little Rock, AR 72212 | 1515 Market Street, Suite 1100 |
| (501) 312-8500 | Philadelphia, Pa 19102 |
| | (215) 985-9177 |

Appendix

T<small>ABLE OF</small> C<small>ONTENTS</small>

Order Compelling Arbitration (R. 90, filed July 23, 2014) ................................. Tab A

Memorandum Opinion & Order (R. 91, filed July 23, 2014)............................... Tab B

Order Certifying Interlocutory Appeal (R. 98, filed Oct. 8, 2014) ...................... Tab C

Tab A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: H&R BLOCK REFUND | ) | |
| ANTICIPATION LOAN LITIGATION | ) | MDL No. 2373 |
| | ) | |
| This Document Relates to: | ) | Case No. 12 CV 2973 |
| All Cases | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | |

## <u>ORDER</u>

Enter Memorandum Opinion and Order. Defendants' motion to compel arbitration and stay proceedings [22] is granted. These cases are stayed pending arbitration in accordance with 9 U.S.C. § 3. The clerk is respectfully directed to close this case and all member cases associated with MDL No. 2373.


ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   July 23, 2014

Tab B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: H&R BLOCK REFUND | ) | |
| ANTICIPATION LOAN LITIGATION | ) | MDL No. 2373 |
| | ) | |
| This Document Relates to: | ) | Case No. 12 CV 2973 |
| All Cases | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | |

## MEMORANDUM OPINION & ORDER

This case concerns H&R Block's practice of offering "refund anticipation loans" to its customers. The plaintiffs allege that H&R Block's practice violates various state laws by failing to adequately disclose loan fees, charging unreasonably high interest rates, and deceiving customers about the loans. H&R block moves to compel arbitration and stay further proceedings until arbitration has been completed. For the reasons explained below, the motion is granted.

### I. BACKGROUND

Refund anticipation loans allow tax filers to receive their refund sooner than if they waited for a mailed check from the IRS. The plaintiffs allege that these loans "include exorbitant finance charges that, when properly calculated in accordance with the Truth in Lending Act ('TILA') and relevant state laws, often exceed 100% APR." (Compl. ¶ 23, ECF No. 18.) They allege that the loans "provide little to no value to consumers at predatory interest rates and fees, often in conjunction with exorbitant tax preparation fees for straightforward tax filings." (Compl. ¶ 24.)

Each of the seventeen plaintiffs in this case originally sued H&R Block in his or her home state. After the Judicial Panel on Multidistrict Litigation consolidated the cases before this court, the plaintiffs filed a thirty-one count consolidated amended complaint. They sue on behalf

of themselves, nine state-specific classes, and a multistate class.  The named defendants in this case are HRB Tax Group, Inc.; H&R Block Services, Inc.; H&R Block Eastern Enterprises, Inc.; and H&R Block Enterprises, Inc.  The court refers to these defendants collectively as "H&R Block."

The claims applicable to all of the proposed classes fall into three general categories. First, the plaintiffs bring claims under various state statutes requiring tax preparers such as H&R Block to disclose certain information about the fees associated with refund anticipation loans. Second, the plaintiffs allege that H&R Block violated state usury laws because the annual percentage rate charged for the loans exceeded the statutory limit.  Third, the plaintiffs contend that H&R Block violated state consumer-protection laws by (1) violating state statutes concerning refund anticipation loans; (2) violating the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f.; and (3) deceiving customers about the nature of the loans.

Although the complaint alleges that H&R Block "facilitated" the transaction between the customer and a bank, H&R Block itself did not issue any loans.  The loans were issued by H&R Block Bank (HRBB); HSBC Bank USA, N.A. (HSBC); and HSBC Trust Company (Delaware), N.A. (HSBCT).  When customers applied for a loan at one of these banks, they were required to sign a loan agreement.  Although there are minor differences among the three banks' loan agreements, those differences are not relevant for present purposes.

The 2012 HRBB loan agreement contains an arbitration clause that is similar to the arbitration clauses found in the other loan agreements.  The first sentence of that arbitration clause states:

> IF YOU APPLY FOR A RAC [*i.e.*, a refund anticipation loan] IN A STATE
> THAT PROHIBITS ARBITRATION OR CLASS ACTION WAIVERS FOR
> CLAIMS RELATED TO A RAC OR THE TRANSACTION TO APPLY FOR

OR OBTAIN A RAC, THIS SECTION ELEVEN (11) SHALL NOT APPLY TO
THOSE CLAIMS.

(Crew Decl. Ex. A (Loan Agreement) § 11, ECF No. 23-1.)  The arbitration clause goes on to

state:

> Any claim, dispute, or controversy between me and HRBB (as specifically
> defined below for purposes of this Arbitration Provision), whether in contract or
> tort (intentional or otherwise), whether pre-existing, present or future, and
> including constitutional, statutory, common law, regulatory, and equitable claims
> arising out of or in any way relating to (a) any of the Documents or any other
> documents or product that I have previously received from HRBB . . . ; and (d)
> except as provided below, the validity, enforceability or scope of this Arbitration
> Provision or any part thereof, including, but not limited to, the issue of whether
> any particular claim, dispute or controversy must be submitted to arbitration
> (collectively, the "Claim"), shall be resolved, upon the election of either me or
> HRBB, by binding arbitration pursuant to this Arbitration Provision and the
> applicable rules of the American Arbitration Association ("AAA") (the
> "Administrator") in effect at the time the Claim is filed.

(*Id.*)  The arbitration clause defines "HRBB" as "H&R Block Bank, a federal savings bank, and

HRB Tax Group, Inc., and each of their parents, subsidiaries, affiliates, and predecessors,

successors, assigns and the franchisees of any of them, and each of their officers, directors,

agents, and employees."  (*Id.*)

Finally, the arbitration clause includes a class-action waiver, which states: "No class

actions or private attorney general actions in court or in arbitration or joinder or consolidation of

claims in court or in arbitration with other persons are permitted without the consent of HRBB

and me."  (*Id.*)

## II. LEGAL STANDARD

The Supreme Court has stated that the "principal purpose" of the Federal Arbitration Act

(FAA) is "to ensur[e] that private arbitration agreements are enforced according to their terms."

*AT&T Mobility LLC v. Concepcion*, 563 U.S. __, 131 S. Ct. 1740, 1748 (2011).  As the Court

explained in *Concepcion*:

> This purpose is readily apparent from the FAA's text. Section 2 makes arbitration
> agreements "valid, irrevocable, and enforceable" as written . . . ; § 3 requires
> courts to stay litigation of arbitral claims pending arbitration of those claims "in
> accordance with the terms of the agreement"; and § 4 requires courts to compel
> arbitration "in accordance with the terms of the agreement" upon the motion of
> either party to the agreement . . . .

*Id.* at 1748. In light of these provisions, the Court has held that "parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate its disputes . . . ." *Id.* at 1748-49 (internal citations omitted).

The Court has stated that § 2 of the FAA reflects a "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Thus, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." *Id.* "Notwithstanding this strong federal policy, however, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)), *abrogated on other grounds by Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009). "As a general rule, therefore, 'the parties' intentions control, but those intentions are generously construed as to issues of arbitrability.'" *MS Dealer*, 177 F.3d at 947 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

### III. ANALYSIS

The plaintiffs argue that the arbitration clause does not apply to their claims because they reside in states that prohibit class-action waivers in consumer arbitration agreements.

In *Concepcion*, the Supreme Court held that § 2 of the FAA prohibits states from conditioning the enforceability of arbitration agreements on the availability of classwide arbitration procedures. 131 S. Ct. at 1744. Specifically, the Court held that California's

"*Discover Bank*" rule, which stated that class-action waivers in consumer arbitration agreements were unconscionable, was preempted by the FAA and therefore invalid. *Id.* at 1753. The Court reasoned that "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 1748.

The plaintiffs argue that *Concepcion* is irrelevant because it was issued after the plaintiffs signed the loan agreements. "Therefore," the plaintiffs argue, "at the time the RAL Applications were signed, each of the relevant states prohibited the enforcement of the RAL Application." (Pls.' Br. 13, ECF No. 52.)

The Ninth Circuit addressed the plaintiffs' argument in *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th Cir. 2013). There, the plaintiffs signed arbitration clauses that stated: "If . . . the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire [arbitration clause] is unenforceable." *Id.* at 1224. The plaintiffs argued that because the law of their states "would have found" the agreement to be unenforceable at the time the agreements became effective, the arbitration clause was unenforceable. *Id.* at 1225.

The Ninth Circuit rejected the plaintiffs' argument, noting that it "misapprehends the doctrine of preemption and the rationale of the Supreme Court's ruling in *Concepcion*." *Id.* The court held that *Concepcion* applied retroactively to the arbitration provision and that, therefore, the arbitration provision was enforceable. *Id.* In reaching this conclusion, the court drew on two principles of judicial construction articulated by the Supreme Court.

The first principle is that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 (1994); *see also Morales-*

*Izquierdo v. DHS*, 600 F.3d 1076, 1090 (9th Cir. 2010) ("[W]hen a court interprets a statute, even an ambiguous one, and even that interpretation conflicts with the court's own prior interpretation, the new interpretation is treated as the statute's one-and-only meaning."). Applying this principle to the *Concepcion* court's construction of the FAA, the Ninth Circuit held that "the FAA has *always* preempted states from invalidating agreements that disallow class procedures." *Murphy*, 724 F.3d at 1226. "[T]he FAA meant what the Court in *Concepcion* says it means—that the Customer Agreement's class waiver is enforceable—even prior to 2011 when the *Discover Bank* rule was nominally in effect." *Id.* at 1225.

The second principle is that "the Constitution, laws, and treaties of the United States are as much a part of the law of every State as its own local laws and Constitution." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 157 (1982) (internal quotation marks omitted). When the Supreme Court holds that a state law is preempted, the state law is "*nullified* to the extent that it actually conflicts with federal law." *Id.* at 153 (emphasis added). Thus, the Ninth Circuit recognized that "Section 2 of the FAA, which under *Concepcion* requires the enforcement of arbitration agreements that ban class procedures, *is* the law of California and of every other state." *Murphy*, 724 F.3d at 1226. The arbitration agreement's reference to state law did not incorporate California's *Discover Bank* rule, because "the *Discover Bank* rule is not, and indeed never was, California law." *Id.* The arbitration clause was always enforceable, because "federal law require[d] its enforcement." *Id.*[1]

---

[1]     It appears that only one other federal court has addressed the retroactive application of *Concepcion*. *See Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994 (N.D. Cal. 2011). The *Meyer* court arrived at the same conclusion as the *Murphy* court, holding that "[a]lthough the Supreme Court decided *Concepcion* after Plaintiff entered the 2008 Service Agreement, the Court must nonetheless apply *Concepcion* to its review of the agreement." *Id.* at 1001 ("[A]n intervening Supreme Court decision must be given full retroactive effect in all cases still open on

The plaintiffs argue that the facts of *Murphy* are "readily distinguishable." (Pls.' Resp. to Defs.' Notice of Additional Authority, ECF No. 72-1.) They contend that "[t]he crucial distinction between *Murphy* and the instant case is that, here, there was never an *agreement* to arbitrate in the first place, based upon the plain language of H&R Block's contract with its customers . . . ." (*Id.*) They base their argument on the fact that, in *Murphy*, the arbitration clause used the term "unenforceable," whereas here the arbitration clause uses the phrase "shall not apply."

The court disagrees with the plaintiffs that this is a meaningful difference. Under *Murphy*, "the FAA has *always* preempted states from invalidating agreements that disallow class procedures." 724 F.3d at 1226. This means that the states in which the plaintiffs reside never "prohibited" class-action waivers. Thus, the arbitration clause *always* "applied" to the plaintiffs' claims. The plaintiffs may disagree with the *Murphy* court's reasoning, but it is disingenuous to claim that the case is factually distinguishable. In both this case and in *Murphy*, the plaintiffs agreed to arbitrate their disputes unless state law prohibited class-action waivers.

The plaintiffs also direct the court to a recent decision from the California Court of Appeal criticizing *Murphy*. *See Imburgia v. DIRECTV, Inc.*, 170 Cal. Rptr. 3d 190 (Cal. Ct. App. 2014). *Imburgia* involved the same arbitration clause that was at issue in *Murphy*. *Id.* at 193. In analyzing that clause, the court first noted that the clause did not state that its enforceability "shall be determined under the law of your state to the extent that it is not preempted by the FAA" or that it "shall be determined under the law of your state without considering the preemptive effect, if any, of the FAA." *Id.* at 195. If the agreement had included such language, the court noted, then the clause would have been enforceable. *Id.* But the court

---

direct review and as to all events, regardless of whether such events predate or postdate . . . announcement of the rule[.]" (internal quotation marks omitted)).

found that the agreement "was not as explicit as either of those hypotheticals," and thus concluded that "[t]he question before us . . . [is] whether 'the law of your state['] . . . mean[s] 'the law of your state to the extent it is not preempted by the FAA,' or 'the law of your state without considering the preemptive effect, if any of the FAA[.]'" *Id.*

In deciding that question, the court emphasized the principle of contract interpretation that when a general and a particular provision are inconsistent, the particular provision is "paramount to the general provision." *Id.* (internal quotation marks omitted). Because the reference to the "law of your state" operated as a particular provision, the court reasoned that it was "paramount to" to the agreement's general adoption of the FAA. *Id.* The court also relied on "the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it." *Id.* at 196 (internal quotation marks omitted). Based on these principles, the court concluded that the "law of your state" language meant "the law of your state without considering the preemptive effect, if any of the FAA." *Id.* The court held that because "the class action waiver is unenforceable under California law," the arbitration clause was unenforceable. *Id.* at 198.

Recognizing that the Ninth Circuit in *Murphy* reached the opposite conclusion, the *Imburgia* court stated, "[w]e find the analysis in *Murphy* unpersuasive." *Id.* at 197. The court criticized *Murphy* for two reasons:

> [First,] insofar as the court's reasoning is a matter of contract interpretation, it means that when the parties used the phrase "the law of your state," they meant "federal law plus (nonfederal) state law." *Murphy* provides no basis for concluding that the parties intended to use the phrase "the law of your state" in such a way, and we are aware of none. . . . [Second,] insofar as the court reasoned that contract interpretation is irrelevant because the parties are powerless to opt out of the FAA by contract, we are aware of no authority for the court's position.

*Id.*

As H&R Block correctly points out, these criticisms of *Murphy* fail to respond to its central point that state rules found to be preempted by the FAA never were "state law." *Murphy*, 724 F.3d at 1226.  With respect to the first criticism, the *Murphy* court provided a basis for concluding that the parties did not intend for state law to govern the enforceability of the arbitration clause if the state law contravened federal law.  It explained that federal law is part of the law of every state "as much as [every state's] own local laws and Constitution." *Id.* (internal quotation marks omitted).  Thus, the court found it "nonsensical" that by agreeing that the "law of their state" would govern the agreement, the parties intended to mean "the law of their state without considering federal law." *Id.*

With respect to the second criticism, contrary to the *Imburgia* court's misapphrension, the *Murphy* court did not "reason[] that contract interpretation is irrelevant because the parties are powerless to opt out of the FAA by contract . . ." *Imburgia*, 170 Cal. Rptr. 3d. at 197.  Rather, the court expressly acknowledged that it was "clear that if DirecTV had actually contracted with Plaintiffs to allow class arbitration, it would be required to do so irrespective of *Concepcion*." 724 F.3d at 1228.  The parties, however, "did exactly the opposite" by agreeing to a class-action waiver. *Id.*

Moreover, the *Imburgia* court failed to take account of the liberal federal policy favoring arbitration.  Under federal policy, "a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (internal quotation marks omitted).  The court must construe the parties' intentions "generously . . . as to issues of arbitrability.'" *Mitsubishi Motors*, 473 U.S. at 626. These principles further support the Ninth Circuit's reasoning in *Murphy*.

Neither the *Imburgia* court nor the plaintiffs provides any compelling reason why this court should depart from the Ninth Circuit's holding in *Murphy*. In view of consistent Supreme Court precedent, the court finds the reasoning of *Murphy* persuasive. Under its reasoning, the arbitration clause in this case is enforceable. Accordingly, H&R Block's motion to compel arbitration is granted.

## IV. CONCLUSION

For the foregoing reasons, H&R Block's motion to compel arbitration and stay proceedings is granted. These cases are stayed pending arbitration in accordance with 9 U.S.C. § 3. The clerk is respectfully directed to close this case and all member cases associated with MDL No. 2373.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   July 23, 2014

T<small>AB</small> C

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|                                         |     |                          |
|-----------------------------------------|-----|--------------------------|
|                                         | )   |                          |
| IN RE: H&R BLOCK REFUND                  | )   | MDL No. 2373             |
| ANTICIPATION LOAN LITIGATION             | )   |                          |
|                                         | )   | Case No. 12 C 2973       |
| This Document Relates to:                | )   |                          |
| All Cases                                | )   | Judge Joan B. Gottschall |
|                                         | )   |                          |

## <u>ORDER</u>

Plaintiffs' motion to certify interlocutory appeal and amend order [93] is granted. This court certifies that its July 23, 2014, Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The July 23, 2014, Order is amended to include this certification. *See* Fed. R. App. P. 5(a)(3).

## I. BACKGROUND

The plaintiffs in these cases signed loan agreements with Defendant H&R Block. Section 11 of the loan agreement contained an arbitration clause, the first sentence of which stated, "If you apply for a [refund anticipation loan] in a state that prohibits arbitration or class action waivers for claims related to a [refund anticipation loan] or the transaction to apply for or obtain a [loan], this Section Eleven (11) shall not apply those claims."

The plaintiffs sued H&R Block, alleging that H&R Block's practice of offering refund anticipation loans to its customers violated various state laws by failing to properly disclose loan fees, charging unreasonably high interest rates, and deceiving customers about the loans. H&R Block then moved to compel arbitration pursuant to the loan agreement's arbitration clause. The plaintiffs argued that the arbitration clause did not apply to their claims because they applied for

refund anticipation loans in states that prohibited class-action waivers. Although the Supreme

Court held in *AT&T Mobility LLC v. Concepcion*, 562 U.S. __, 131 S. Ct. 1740 (2011), that such

prohibitions on class-action waivers are preempted by the Federal Arbitration Act, the plaintiffs

noted that they entered into the loan agreements before *Concepcion* was decided and that,

therefore, the arbitration clause did not apply to them.

In an order dated July 23, 2014, this court rejected the plaintiffs' argument. In doing so,

the court relied on the Ninth Circuit's decision in *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th

Cir. 2013), which held that "the FAA has *always* preempted states from invalidating agreements

that disallow class procedures." *Murphy*, 724 F.3d at 1226. Because the FAA has always

preempted state laws invalidating agreements that disallow class procedures, such laws,

according to the *Murphy* court, "[are] not, and indeed never [were], [state] law." *Id.* This court

acknowledged that a recent decision from the California Court of Appeal had arrived at the

opposite conclusion. *See Imburgia v. DIRECTV, Inc.*, 160 Ca. Rptr. 3d 190 (Cal. Ct. App.

2014). But this court found the *Murphy* court's reasoning more persuasive in view of Supreme

Court precedent. Accordingly, the court granted H&R Block's motion to compel arbitration.

Plaintiffs now move this court to certify its July 23 Order granting the motion to compel

arbitration for interlocutory appeal.

## II. ANALYSIS

"When a district judge, in making in a civil action an order not otherwise appealable

under this section, shall be of the opinion that such order involves a controlling question of law

as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation, [s]he shall so

state in writing in such order." 28 U.S.C. § 1292(b). Thus, certification under § 1292(b) is

appropriate when the movant files a timely motion and establishes "four statutory criteria[:] . . .

there must be a question of *law*, it must be *controlling*, it must be *contestable* and its resolution

must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. Univ.of Ill.*, 219 F.3d 674, 675

(7th Cir. 2000).  All four criteria are satisfied here.

First, the court's order involves a question of law, namely, whether *Concepcion* applies

retroactively to "nullify" state laws that were in place before *Concepcion* was decided, as the

*Murphy* court held.  The resolution of that question does not turn on any facts that are unique to

this case.  It is precisely the kind of question that the Seventh Circuit has recognized is

appropriate for interlocutory appeal.  *See Ahrenholz*, 219 F.3d at 677 (recognizing that a

"question of law" under § 1292(b) means "something the court of appeals could decide quickly

and cleanly without having to study the record").

Second, the question of law is controlling.  Although the question may not be dispositive,

"[t]he cases do not interpret the term ['controlling'] literally.  A question of law may be deemed

'controlling' if its resolution is quite likely to affect the further course of litigation, even if not

certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d

656, 659 (7th Cir. 1996).  Here, the resolution of the question of law will determine whether the

cases proceed to arbitration or whether they will proceed before this court.  That is sufficient for

the question to be "controlling" within the meaning of § 1292(b).

H&R Block argues that the question is not controlling because "[n]othing in the Court's

July 23 Order suggests that the FAA 'nullifies' all state laws regarding class action waivers. . . .

The July 23 Order simply concluded that the language of the parties' agreement – which

provides that the arbitration agreement does not apply in states that 'prohibit[] arbitration or class

action waivers for claims related to' [refund anticipation loans] – does not have that effect here."

3

(ECF No. 96, at 5.)  That argument misconstrues this court's July 23 Order, which expressly relied on the *Murphy* court's conclusion that the FAA nullified state laws prohibiting class-action waivers.  (*See* Order at 6, ECF No. 91 ("When the Supreme Court holds that a state law is preempted, the state law is '*nullified* to the extent that it actually conflicts with federal law.'" (quoting *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 157 (1982)).)  If that conclusion is incorrect, the plaintiffs would have a strong argument that the loan agreement's arbitration clause does not apply to plaintiffs who applied for refund anticipation loans in states that prohibited class-action waivers before *Concepcion* was decided.

Third, there is a substantial ground for difference of opinion on the question of law, as evidenced by the fact that the *Imburgia* court arrived at the opposite conclusion.

Fourth, an immediate appeal may materially advance the ultimate termination of the litigation.  As it stands, plaintiffs will proceed to eighteen separate arbitrations.  Plaintiffs have indicated that after the arbitrations are completed and final judgment is entered, they intend to appeal this court's July 23 Order, as that order deprived them of their choice to maintain this action as a class action.  If plaintiffs succeed on appeal now, it will obviate the need for the arbitrations, and the cases would proceed before this court.

H&R Block points out that this is true in every case where the court has granted a motion to compel arbitration.  But this case is different than the typical case in that it involves eighteen separate plaintiffs and nine underlying cases.  Thus, the judicial economy gained by deciding the arbitration issue now will be greater.  Additionally, the Seventh Circuit is already considering this case's companion case, *In re Liberty Refund Anticipation Loan Litigation*, U.S.C.A. No. 14-2863, and it will further serve the interest of judicial economy to decide both cases at the same time.

Accordingly, Plaintiffs' motion to certify the court's July 23 Order is granted.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   October 8, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 16, 2014, the foregoing Petition for Permission to Appeal was filed electronically and a copy served by email upon the following counsel of record:

**Megan Rose Braden**
Morgan, Lewis & Bockius LLP
Email: mbosau@morganlewis.com

**Gregory Thomas Fouts**
Morgan, Lewis & Bockius LLP
Email: gfouts@morganlewis.com

**Kenneth Michael Kliebard**
Morgan Lewis & Bockius LLP
Email: kkliebard@morganlewis.com

**Scott T. Schutte**
Morgan Lewis & Bockius LLP
Email: sschutte@morganlewis.com

**J. Gordon Cooney , Jr.**
Morgan, Lewis & Bockius Llp
Email: jgcooney@morganlewis.com

**Joanna C Hendon**
Morgan Lewis & Bockius, LLP (NY)
Email: jhendon@morganlewis.com

**John Vassos**
Morgan, Lewis & Bockius
Email: jvassos@morganlewis.com

**Robert Mark Brochin**
Morgan, Lewis & Bockius
Email: rbrochin@morganlewis.com

**John Keeling Baker**
Mitchell Williams Law Firm - LR
Email: jbaker@mwlaw.com

**DANIEL GERALD CAHILL**
Poyner Spruill LLP
Email: dcahill@poyners.com

**GARY WALKER JACKSON**
Jackson & McGee, LLP
Email: gjackson@ncadvocates.com

**Andrew W Davis**
Leonard Street and Deinard, PA
Email: andrew.davis@leonard.com

**Brian Tse-Hua Ku**
Ku & Mussman PA
Email: brian@kumussman.com

**Christopher B Sanchez**
Cafferty Clobes Meriwether & Sprengel LLP
Email: csanchez@caffertyclobes.com

**Corey M. Mather**
Ademi & O'Reilly LLP
Email: cmather@ademilaw.com

**Daniel O. Herrera**
Cafferty Clobes Meriwether & Sprengel LLP
Email: dherrera@caffertyclobes.com

**David J Syrios**
Ademi & O'Reilly LLP
Email: dsyrios@ademilaw.com

**Derek T. Teeter**
Husch Blackwell Llp
Email: derek.teeter@huschblackwell.com

**Douglas R Peterson**
Leonard Street and Deinard
Email: douglas.peterson@leonard.com

**Edward H. Gersowitz**
Gersowitz Libo & Korek, P.C
Email: egersowitz@lawyertime.com

**Guri Ademi**
Ademi & O'Reilly, LLP
Email: gademi@ademilaw.com

**James D. Griffin**
Husch Blackwell LLP
Email: james.griffin@huschblackwell.com

**Jason Bruce Penn**
Janet Jenner and Suggs LLC
Email: jpenn@myadvocates.com

**Jennifer Winter Sprengel**
Cafferty Clobes Meriwether & Sprengel LLP
Email: jsprengel@caffertyclobes.com

**Justin A. Browne**
Janet, Jenner & Suggs, Llc
Email: jbrowne@myadvocates.com

**Kathleen Flynn Peterson**
Robins Kaplan Miller & Ciresi LLP
Email: kfpeterson@rkmc.com

**Kathryn G. Lee**
Husch Blackwell Llp
Email: kathryn.lee@huschblackwell.com

**Kenneth J. Grunfeld**
Golomb & Honik, P.c.
Email: kgrunfeld@golombhonik.com

**Louis I. Mussman**
Ku & Mussman PA
Email: louis@kumussman.com

**Matthew R. Veenstra**
Robins Kaplan Miller & Ciresi LLP
Email: mrveenstra@rkmc.com

**Richard M. Golomb**
Golomb & Honik PC
Email: rgolomb@golombhonik.com

**Robert K Jenner**
Janet, Jenner & Suggs, LLC
Email: RJenner@myadvocates.com

**Ruben Honik**
Golomb & Honik PC
Email: rhonik@golombhonik.com

**Shpetim Ademi**
Ademi & O'Reilly
Email: sademi@ademilaw.com

**Stacey P Slaughter**
Robins Kaplan Miller & Ciresi LLP
Email: spslaughter@rkmc.com

**Steven D Resnick**
Golomb & Honik, P.c.
Email: sresnick@golombhonik.com

**William Hughes Murphy, Jr**
Murphy & Falcon PA
Email: billy.murphy@murphypa.com

/s/  Hank Bates
Joseph Henry (Hank) Bates III

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:12-cv-02973

In re: H & R Block Refund Anticipation Loan Litigation

Assigned to: Honorable Joan B. Gottschall

Cause: 28:1331 Federal Question

Date Filed: 04/16/2012

Date Terminated: 07/23/2014

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

### In Re

**H & R Block Refund Anticipation Loan Litigation**

represented by **Joseph Henry "Hank" Bates , III**
Carney Bates & Pulliam, PLLC
11311 Arcade Drive
Suite 200
Little Rock, AR 72212
(501) 312-8500
Fax: (501) 312-8505
Email: hbates@carneywilliams.com
*ATTORNEY TO BE NOTICED*

**Megan Rose Braden**
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
5th Floor
Chicago, IL 60601
(312) 324-1738
Email: mbosau@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Service List**

represented by **DANIEL GERALD CAHILL**
Poyner Spruill LLP
P.O. Box 1801
Raleigh, NC 27602-1801
919-783-6400
Fax: 919-783-1075
Email: dcahill@poyners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GARY WALKER JACKSON**
Jackson & McGee, LLP

5216 East Blvd.
Charlotte, NC 28203
704-377-6680
Fax: 704-377-6690
Email: gjackson@ncadvocates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H & R Block Services, Inc.**
c/o CT Corporation Systems
120 South Central Avenue
Clayton, MO 63105
*ATTORNEY TO BE NOTICED*

**H & R Block, Inc. (Clayton)**
c/o CT Corporation Systems
120 South Central Avenue
Clayton, MO 63105
*ATTORNEY TO BE NOTICED*

**H&R Block, Inc. (Kansas)**
One H&R Block, Inc.
Kansas City, MO 64105
*ATTORNEY TO BE NOTICED*

**HRB Tax Group, Inc. (Clayton)**
c/o CT Corporation Systems, Inc.
120 South Central Avenue
Clayton, MO 63105
*ATTORNEY TO BE NOTICED*

**HRB Tax Group, Inc. (Kansas)**
One H&R Block Way
Kansas City, MO 64105
*ATTORNEY TO BE NOTICED*

**Andrew W Davis**
Leonard Street and Deinard, PA
150 S 5th St Ste 2300
Mpls, MN 55402
612-335-1571
Fax: 612-335-1657
Email: andrew.davis@leonard.com
*ATTORNEY TO BE NOTICED*

Brian Joseph Ku
Ku & Mussman PA
12550 Biscayne Boulevard
Suite 406
Miami, FL 33181
305-891-1322
Fax: 891-4512
Email: brian@kumussman.com
*ATTORNEY TO BE NOTICED*

**Christopher B Sanchez**
Cafferty Clobes Meriwether & Sprengel
LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602
Email: csanchez@caffertyclobes.com
*ATTORNEY TO BE NOTICED*

**Corey M. Mather**
Ademi & O'Reilly LLP
3620 E. Layton Avenue
Cudahy, WI 53110
414 482 8000
Email: cmather@ademilaw.com
*ATTORNEY TO BE NOTICED*

**Daniel O. Herrera**
Cafferty Clobes Meriwether & Sprengel
LLP
30 N. LaSalle
Suite 3200
Chicago, IL 60606
312 276 3418
Email: dherrera@caffertyclobes.com
*ATTORNEY TO BE NOTICED*

**Darrin L. Williams**
Carney Williams Bates Pulliam & Bowman,
PLLC
11311 Arcade Drive
Suite 200
Little Rock, AK 72212
501-312-8500
Email: dwilliams@carneywilliams.com

**David J Syrios**
Ademi & O'Reilly LLP
3620 E Layton Ave
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: dsyrios@ademilaw.com
*ATTORNEY TO BE NOTICED*

**Derek T. Teeter**
Husch Blackwell Llp
4801 Main Street
Suite 1000
Kansas City, MO 64112
(816) 983-8000
Email: derek.teeter@huschblackwell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas R Peterson**
Leonard Street and Deinard
The Graif Building
3 Civic Center Plaza, Suite 400
P.O. Box 967
Mankato, MN 56002
507-345-1179
Fax: 507-345-1182
Email: douglas.peterson@leonard.com
*ATTORNEY TO BE NOTICED*

**Edward H. Gersowitz**
Gersowitz Libo & Korek, P.C
111 Broadway, 12 Floor
New York, NY 10006
(212)-385-4410
Fax: (212)-385-4417
Email: egersowitz@lawyertime.com
*ATTORNEY TO BE NOTICED*

**Gregory Thomas Fouts**
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
5th Floor

Chicago, IL 60606
(312) 324-1776
Fax: (312) 324-1001
Email: gfouts@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Guri Ademi**
Ademi & O'Reilly, LLP
3620 East Layton Avenue
Cudahy, WI 53110
414-482-8000
Email: gademi@ademilaw.com
*ATTORNEY TO BE NOTICED*

**J. Gordon Cooney , Jr.**
Morgan, Lewis & Bockius Llp
1701 Market Street
Philadelphia, PA 19103
(215) 963-4806
Email: jgcooney@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James D. Griffin**
Husch Blackwell LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112
(816)983-8000
Email: james.griffin@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Jason Bruce Penn**
Janet Jenner and Suggs LLC
1777 Reisterstown Rd Ste 165
Baltimore, MD 21208
14106533200
Fax: 14106536903
Email: jpenn@myadvocates.com
*ATTORNEY TO BE NOTICED*

**Jennifer Winter Sprengel**
Cafferty Clobes Meriwether & Sprengel
LLP
30 North LaSalle Street

Suite 3000
Chicago, IL 60602
(312) 782-4880
Email: jsprengel@caffertyclobes.com
*ATTORNEY TO BE NOTICED*

**Joanna C Hendon**
Morgan Lewis & Bockius, LLP (NY)
101 Park Avenue
New York, NY 10178
Email: jhendon@morganlewis.com
*ATTORNEY TO BE NOTICED*

**John Keeling Baker**
Mitchell Williams Law Firm - LR
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201
(501) 688-8850
Email: jbaker@mwlaw.com
*ATTORNEY TO BE NOTICED*

**John Vassos**
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178
(212) 309-6000
*ATTORNEY TO BE NOTICED*

**Joseph Henry "Hank" Bates , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin A. Browne**
Janet, Jenner & Suggs, Llc
1777 Reisterstown Road
Suite 165
Baltimore, MD 21208
(410) 653-3200
Email: jbrowne@myadvocates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen Flynn Peterson**
Robins Kaplan Miller & Ciresi LLP

Mpls, MN 55402-2015
612-349-8500
Fax: 612-339-4181
Email: kfpeterson@rkmc.com
*ATTORNEY TO BE NOTICED*

**Kathryn G. Lee**
Husch Blackwell Llp
4801 Main Street
Suite 1000
Kansas City, MO 64112
(816) 983-8000
Email: kathryn.lee@huschblackwell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth J. Grunfeld**
Golomb & Honik, P.c.
1515 Market Street
Suite 1100
Philadelphia,, PA 19102
(215) 985-9177
Email: kgrunfeld@golombhonik.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Michael Kliebard**
Morgan Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094
312-324-1000
Fax: 312-324-1460
Email: kkliebard@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Louis I. Mussman**
Ku & Mussman PA
12550 Biscayne Boulevard
Suite 406
Miami, FL 33161
United Sta
305-891-1322
Fax: 891-4512
Email: louis@kumussman.com

**ATTORNEY TO BE NOTICED**

**Matthew R. Veenstra**
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Ave Ste 2800
Mpls, MN 55402-2015
612-349-8500
Fax: 612-339-4181
Email: mrveenstra@rkmc.com
*ATTORNEY TO BE NOTICED*

**Richard M. Golomb**
Golomb & Honik PC
1515 Market Street
Suite 1100
Philadelphia, PA 19102
215-985-9177
Fax: 215-985-4169
Email: rgolomb@golombhonik.com
*ATTORNEY TO BE NOTICED*

**Robert Mark Brochin**
Morgan, Lewis & Bockius
5300 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
305-415-3000
Email: rbrochin@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Robert K Jenner**
Janet, Jenner & Suggs, LLC
1777 Reisterstown Road
Suite 165
Baltimore, MD 21208
(410) 653-3200
Email: RJenner@myadvocates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruben Honik**
Golomb & Honik PC
1515 Market Street
Suite 1100
Philadelphia, PA 19102

Email: rhonik@golombhonik.com
*ATTORNEY TO BE NOTICED*

**Scott T. Schutte**
Morgan Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094
312 324 1773
Fax: (312) 324-1001
Email: sschutte@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Shpetim Ademi**
Ademi & O'Reilly
3620 East Layton
Cudahy, WI 53110
(414) 482-8000
Email: sademi@ademilaw.com
*ATTORNEY TO BE NOTICED*

**Stacey P Slaughter**
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Ave Ste 2800
Mpls, MN 55402-2015
(612) 349-8289
Fax: (612) 339-4181
Email: spslaughter@rkmc.com
*ATTORNEY TO BE NOTICED*

**Steven D Resnick**
Golomb & Honik, P.c.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
(215) 985-9177
Email: sresnick@golombhonik.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan Rebecca Kaufman**
Carney Williams Bates Pulliam & Bowman,
Pllc
11311 Arcade Drive
Suite 200

(501) 312-8500
Email: rkaufman@carneywilliams.com
*TERMINATED: 12/12/2013*
*PRO HAC VICE*

**William Hughes Murphy , Jr**
Murphy & Falcon PA
One South St
Suite 2300
Baltimore, MD 21202
1 410 951 8745
Fax: 14105396599
Email: billy.murphy@murphypa.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2012 | 1 | TRANSFER ORDER from the MDL Panel establishing MDL 2373 in the Northern District of Illinois. Case 12C2973 master docket. (amb, ) (Entered: 05/03/2012) |
| 05/09/2012 | 2 | CONDITIONAL TRANSFER ORDER (CTO-1) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2373. (See order for details.) (ef, ) (Entered: 05/15/2012) |
| 05/15/2012 | 3 | CONDITIONAL TRANSFER ORDER (CTO-2) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2373. (See order for details.) (ef, ) (Entered: 05/15/2012) |
| 05/17/2012 | 4 | MINUTE entry before Honorable Joan B. Gottschall: Initial Status Conference as to MDL 2373 is set for 6/5/2012 at 02:00 PM.Mailed notice (rj, ) (Entered: 05/17/2012) |
| 05/23/2012 | 5 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-7181787. (Kaufman, Susan) (Entered: 05/23/2012) |
| 05/23/2012 | 6 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-7181941. (Williams, Darrin) (Entered: 05/23/2012) |
| 06/01/2012 | 7 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation to appoint counsel *Motion for Appointment of Interim Co-Lead Class Counsel and Formation of Plaintiffs' Executive Committee* (Bates, Joseph Henry) (Entered: 06/01/2012) |
| 06/01/2012 | 8 | DECLARATION of Kenneth Grunfeld and Hank Bates regarding motion to appoint counsel 7 *Joint Declaration of Kenneth J. Grunfeld, Esquire and Hank Bates, Esquire* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Bates, Joseph Henry) (Entered: 06/01/2012) |

| | | |
|---|---|---|
| 06/05/2012 | 9 | RESPONSE by In Re H & R Block Refund Anticipation Loan Litigation Service List to MOTION by In Re H & R Block Refund Anticipation Loan Litigation to appoint counsel *Motion for Appointment of Interim Co-Lead Class Counsel and Formation of Plaintiffs' Executive Committee 7* (Schutte, Scott) (Entered: 06/05/2012) |
| 06/05/2012 | 10 | STATUS Report *Initial Joint Status Report* by H & R Block Refund Anticipation Loan Litigation (Bates, Joseph Henry) (Entered: 06/05/2012) |
| 06/05/2012 | 11 | ATTORNEY Appearance (Sprengel, Jennifer) (Entered: 06/05/2012) |
| 06/05/2012 | 12 | ATTORNEY Appearance (Sanchez, Christopher) (Entered: 06/05/2012) |
| 06/05/2012 | 13 | ATTORNEY Appearance (Herrera, Daniel) (Entered: 06/05/2012) |
| 06/05/2012 | 14 | MINUTE entry before Honorable Joan B. Gottschall: Initial Status Conference held. Status hearing is set for 9/18/2012 at 2:00PM. Motion for appointment of interim co-lead class counsel and formation of Plaintiffs' executive committee [ 7 ] is taken under advisement. Ruling by mail. Motion for leave to appear pro hac vice [ 5 ] is granted. Motion for leave to appear pro hac vice [ 6 ] is granted. Plaintiffs to file consolidated amended complaint by 6/22/2012. Liberty Tax to file its motion to compel arbitration by 7/20/2012. Plaintiffs to file motion to allow discovery by 8/3/2012. Liberty Tax to respond to motion to compel arbitration by 8/17/2012. Plaintiffs reply by 8/27/2012. The court grants oral motion for leave to file briefs regarding motion to compel arbitration in excess of 15 pages not to exceed 25 pages. Mailed notice. (et, ) (Entered: 06/07/2012) |
| 06/08/2012 | 15 | MINUTE entry before Honorable Joan B. Gottschall: The court requests supplemental briefing on the Motion for Appointment of Interim Co-Lead Class Counsel and Formation of Plaintiffs' Executive Committee. Brief not to exceed 15 pages to be submitted by proposed Interim Co-Lead Class Counsel by 06/18/2012. Please see minute order for details. Mailed notice (rj, ) (Entered: 06/08/2012) |
| 06/18/2012 | 16 | SUPPLEMENT to motion to appoint counsel 7 *Supplemental Brief* (Grunfeld, Kenneth) (Entered: 06/18/2012) |
| 06/21/2012 | 17 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-7280610. (Cooney, J.) (Entered: 06/21/2012) |
| 06/22/2012 | 18 | *Plaintiffs' Consolidated Amended Complaint* AMENDED complaint by H & R Block Refund Anticipation Loan Litigation against H & R Block Refund Anticipation Loan Litigation (Bates, Joseph Henry) (Entered: 06/22/2012) |
| 06/25/2012 | 19 | MINUTE entry before Honorable Joan B. Gottschall: Motion for Appointment of Interim Co-Lead Class Counsel and Formation of Plaintiffs' Executive Committee [ 7 ] is granted. Carney Williams and Golomb & Honik are appointed as Co-Lead Class Counsel, Cafferty Faucher, LLP is appointed as Liason Counsel, and the proposed Executive Committee is authorized. So that the court may review costs as this litigation proceeds, Co-Lead Counsel are ordered to submit, by 01/11/13, a summary of the guidelines they have set forth to control billable time, along with a summary of their audit of Plaintiffs' counsels' billable time and costs through 12/31/12. Mailed notice. (et, ) (Entered: 06/26/2012) |

| 07/06/2012 | 20 | ATTORNEY Appearance (Resnick, Steven) (Entered: 07/06/2012) |
|---|---|---|
| 07/19/2012 | 21 | STIPULATION *(Proposed) regarding 12(b)(6) Motions* (Schutte, Scott) (Entered: 07/19/2012) |
| 07/20/2012 | 22 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation to stay *the Case and Compel Arbitration* (Schutte, Scott) (Entered: 07/20/2012) |
| 07/20/2012 | 23 | MEMORANDUM by H & R Block Refund Anticipation Loan Litigation in support of motion to stay 22 *the Case and Compel Arbitration* (Attachments: # 1 Exhibit, # 2 Exhibit)(Schutte, Scott) (Entered: 07/20/2012) |
| 07/20/2012 | 24 | NOTICE of Motion by Scott T. Schutte for presentment of motion to stay 22 before Honorable Joan B. Gottschall on 8/1/2012 at 09:30 AM. (Schutte, Scott) (Entered: 07/20/2012) |
| 07/31/2012 | 25 | MINUTE entry before Honorable Joan B. Gottschall: Briefing schedule set on 6/5/12 as to The H & R Block Defendants' motion to stay the case and compel arbitration 22 . No appearance required, 8/1/2012. Mailed notice (rj, ) (Entered: 07/31/2012) |
| 08/03/2012 | 26 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for discovery *Plaintiffs' Motion to Conduct Limited, Arbitration-Related Discovery* (Bates, Joseph Henry) (Entered: 08/03/2012) |
| 08/03/2012 | 27 | MEMORANDUM of Law in Support of Plaintiffs' Motion to Conduct Limited, Arbitration-Related Discovery by In Re H & R Block Refund Anticipation Loan Litigation (Attachments: # 1 Exhibit A)(Bates, Joseph Henry) (Docket Text Modified by Clerk's Office). Modified on 8/6/2012 (et, ). Modified on 8/6/2012 (et, ). (Entered: 08/03/2012) |
| 08/03/2012 | 28 | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion for discovery 27 , motion for discovery 26 before Honorable Joan B. Gottschall on 8/15/2012 at 09:30 AM. (Bates, Joseph Henry) (Entered: 08/03/2012) |
| 08/06/2012 | 29 | NOTICE of Correction regarding 27 . (et, ) (Entered: 08/06/2012) |
| 08/09/2012 | 30 | MINUTE entry before Honorable Joan B. Gottschall: Motion by J. Gordon Cooney, Jr for Leave to Appear Pro Hac Vice [ 17 ] is granted. Mailed notice. (et, ) (Entered: 08/09/2012) |
| 08/15/2012 | 31 | MINUTE entry before Honorable Joan B. Gottschall: Motion hearing held on 8/15/2012 regarding motion for discovery 26 . Briefing schedule previously entered on 6/5/2012. Mailed notice (rj, ) (Entered: 08/15/2012) |
| 08/17/2012 | 32 | MEMORANDUM by H & R Block Refund Anticipation Loan Litigation in Opposition to motion for discovery 26 (Attachments: # 1 Exhibit 1)(Schutte, Scott) (Entered: 08/17/2012) |
| 08/20/2012 | 33 | NOTICE by Daniel O. Herrera of Change of Address *and Firm Name* (Herrera, Daniel) (Entered: 08/20/2012) |

| 08/27/2012 | 34 | REPLY by Service Listed on motion for discovery 26 *Plaintiffs' Reply in Further Support of Plaintiffs' Motion to Conduct Limited, Arbitration-Related Discovery* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bates, Joseph Henry) (Entered: 08/27/2012) |
|---|---|---|
| 08/29/2012 | 35 | NOTICE by Christopher B Sanchez of Change of Address *Notice of Firm Name and Address Change* (Sanchez, Christopher) (Entered: 08/29/2012) |
| 08/30/2012 | 36 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *ADDITIONAL AUTHORITY ON BEHALF OF THE H&R BLOCK DEFENDANTS* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schutte, Scott) (Entered: 08/30/2012) |
| 08/30/2012 | 37 | NOTICE of Motion by Scott T. Schutte for presentment of motion for leave to file 36 before Honorable Joan B. Gottschall on 9/12/2012 at 09:30 AM. (Schutte, Scott) (Entered: 08/30/2012) |
| 09/12/2012 | 38 | MINUTE entry before Honorable Joan B. Gottschall:H & R Block Defendants' motion for leave to submit additional authority in support of their motion to stay the case and compel arbitration and their memorandum of law in opposition to Plaintiffs' motion to conduct limited, arbitration-related discovery 36 is granted. Mailed notice (rj, ) (Entered: 09/12/2012) |
| 09/14/2012 | 39 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Response to H&R Block's Additional Authority* (Attachments: # 1 Exhibit A)(Grunfeld, Kenneth) (Entered: 09/14/2012) |
| 09/14/2012 | 40 | NOTICE by All Plaintiffs re MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Response to H&R Block's Additional Authority* 39 (Grunfeld, Kenneth) (Entered: 09/14/2012) |
| 09/17/2012 | 41 | NOTICE of Motion by Kenneth J. Grunfeld for presentment of motion for leave to file 39 before Honorable Joan B. Gottschall on 9/18/2012 at 02:00 PM. (Grunfeld, Kenneth) (Entered: 09/17/2012) |
| 09/18/2012 | 42 | MINUTE entry before Honorable Joan B. Gottschall: Oral argument heard on Plaintiffs' Motion to Conduct Limited Arbitration-Related Discovery 26 . As stated in open court, Plaintiffs are to serve Defendants within 48 hours with written requests for named Plaintiffs' contracts dating to the beginning of the class period. Defendants are to make these materials available within 14 days. The court takes Plaintiffs' other requests for discovery under advisement. Written order to follow. The court grants Plaintiffs' Motion for Leave to File Response to H&R Block's Additional Authority 39 . Mailed notice. (srb,) (Entered: 09/20/2012) |
| 10/04/2012 | 43 | ORDER Signed by the Honorable Joan B. Gottschall on 10/4/2012. (et, ) (Entered: 10/10/2012) |
| 10/04/2012 | 44 | MINUTE entry before Honorable Joan B. Gottschall: Order entered. Plaintiffs' Motion to Conduct Limited Arbitration-Related Discovery [ 26 ] is granted in part. See accompanying order for details. Parties are to complete written discovery by 11/19/2012. Status hearing set for 11/27/2012 at 9:30AM. Mailed notice. (et, ) |

| 11/27/2012 | 45 | MINUTE entry before Honorable Joan B. Gottschall:Status hearing held on 11/27/2012. Briefing schedule as to MOTION by In Re H & R Block Refund Anticipation Loan Litigation to stay the Case and Compel Arbitration 22 : Responses due by 2/8/2013. Replies due by 3/15/2013. Ruling by mail. No extensions of time will be granted. Mailed notice (rj, ) (Entered: 11/27/2012) |
| --- | --- | --- |
| 12/12/2012 | 46 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for protective order *(JOINT)* (Attachments: # 1 Exhibit 1)(Schutte, Scott) (Entered: 12/12/2012) |
| 12/12/2012 | 47 | NOTICE of Motion by Scott T. Schutte for presentment of motion for protective order 46 before Honorable Joan B. Gottschall on 12/19/2012 at 09:30 AM. (Schutte, Scott) (Entered: 12/12/2012) |
| 12/19/2012 | 48 | MINUTE entry before Honorable Joan B. Gottschall: Joint motion for protective order [ 46 ] is granted. Enter Agreed Protective Order. (For further detail see separate order). Mailed notice. (et, ) (Entered: 12/21/2012) |
| 12/19/2012 | 49 | AGREED PROTECTIVE Order Signed by the Honorable Joan B. Gottschall on 12/19/2012. (et, ) (Entered: 12/21/2012) |
| 01/29/2013 | 50 | MINUTE entry before Honorable Joan B. Gottschall: The court has received a submission from Plaintiffs Co-Lead Class Counsel in response to the court's order of 6/25/2012, which required Co-Lead Counsel to submit periodic reports to facilitate the monitoring of litigation costs, a responsibility born by the court in MDL cases. Based on Co-Lead Counsels representation that some of the content of the submission was confidential, the court permitted the submission to be presented in camera. The court has compared the submission with case management orders in other MDL cases. It notes that, first, the confidential nature of the submission is not obvious. The court will therefore require the material to be publicly filed within fourteen days unless the need for an in camera submission is demonstrated. Second, although the Guidelines are generally in line with those used in other MDLs, the court requests the following amendments: 1. All domestic travel should be by coach fare unless first-class travel is specially justified; 2. Hotel costs should be limited to the average cost of a business hotel (e.g. the Westin, Hyatt, Hilton, or Sheraton) for the particular city; 3. The Guidelines should includes standards for the number of attorneys who will generally be authorized to participate in depositions, discovery, and status hearings. Co-Lead Counsel are ordered to submit by 7/15/2013 the revised Guidelines, along with a summary of Plaintiff's counsel's billable time and costs through 6/30/2013. Mailed notice. (et, ) (Entered: 01/31/2013) |
| 02/08/2013 | 51 | NOTICE by All Plaintiffs re text entry,,,,,, 50 (Attachments: # 1 Exhibit, # 2 Exhibit) (Grunfeld, Kenneth) (Entered: 02/08/2013) |
| 02/08/2013 | 52 | RESPONSE by H & R Block Refund Anticipation Loan Litigationin Opposition to MOTION by In Re H & R Block Refund Anticipation Loan Litigation to stay *the Case and Compel Arbitration* 22 *PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY THE CASE AND COMPEL ARBITRATION* (Attachments: # 1 Appendix Addendum)(Bates, Joseph Henry) (Entered: 02/08/2013) |

| 02/08/2013 | 53 | DECLARATION of JEFFREY M. OSTROW, ESQ. (Bates, Joseph Henry) (Entered: 02/08/2013) |
| 02/08/2013 | 54 | DECLARATION of MARTIN E. WOLF (Bates, Joseph Henry) (Entered: 02/08/2013) |
| 02/08/2013 | 55 | DECLARATION of ERICH NUEMANN, ESQ. (Bates, Joseph Henry) (Entered: 02/08/2013) |
| 02/08/2013 | 56 | DECLARATION of HANK BATES regarding response in opposition to motion, 52 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Bates, Joseph Henry) (Entered: 02/08/2013) |
| 03/07/2013 | 57 | Notice of Change of Firm Name by H & R Block Refund Anticipation Loan Litigation (Bates, Joseph Henry) (Entered: 03/07/2013) |
| 03/07/2013 | 58 | Notice of Withdrawal of Counsel by H & R Block Refund Anticipation Loan Litigation (Bates, Joseph Henry) (Entered: 03/07/2013) |
| 03/08/2013 | 59 | MOTION by counsel for In Re H & R Block Refund Anticipation Loan Litigation to withdraw as attorney *Darrin Williams* (Bates, Joseph Henry) (Entered: 03/08/2013) |
| 03/08/2013 | 60 | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion to withdraw as attorney 59 before Honorable Joan B. Gottschall on 3/13/2013 at 09:30 AM. (Bates, Joseph Henry) (Entered: 03/08/2013) |
| 03/12/2013 | 61 | MINUTE entry before Honorable Joan B. Gottschall: Motion to withdraw the appearance of Darrin Williams [ 59 ] is granted. Mailed notice. (et, ) (Entered: 03/12/2013) |
| 03/15/2013 | 62 | ATTORNEY Appearance for In Re H & R Block Refund Anticipation Loan Litigation by Megan Rose Braden (Braden, Megan) (Entered: 03/15/2013) |
| 03/15/2013 | 63 | REPLY by In Re H & R Block Refund Anticipation Loan Litigation to motion to stay 22 *THE CASE AND COMPEL ARBITRATION* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Schutte, Scott) (Entered: 03/15/2013) |
| 07/03/2013 | 64 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Submit Additional Authority on behalf of The H&R Block Defendants* (Attachments: # 1 Exhibit 1)(Schutte, Scott) (Entered: 07/03/2013) |
| 07/03/2013 | 65 | NOTICE of Motion by Scott T. Schutte for presentment of motion for leave to file 64 before Honorable Joan B. Gottschall on 7/17/2013 at 09:30 AM. (Schutte, Scott) (Entered: 07/03/2013) |
| 07/10/2013 | 66 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Plaintiffs' Motion for Leave to File Response to Defendants' Supplemental Authority* (Attachments: # 1 Exhibit 1)(Bates, Joseph Henry) (Docket text modified by Clerk's Office.) (Entered: 07/10/2013) |
| 07/10/2013 | 67 | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion for leave to file 66 before Honorable Joan B. Gottschall on 7/17/2013 at 09:30 AM. (Bates, |

| 07/10/2013 | 68 | MINUTE entry before Honorable Joan B. Gottschall:H & R Block Defendants' motion for leave to submit additional authority 64 is granted. Mailed notice (rj, ) (Entered: 07/10/2013) |
|---|---|---|
| 07/15/2013 | 69 | NOTICE by All Plaintiffs *Notice of Filing of Billable Time and Expenses* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Grunfeld, Kenneth) (Entered: 07/15/2013) |
| 07/17/2013 | | MINUTE entry before Honorable Joan B. Gottschall: Plaintiffs' motion for leave to file response to Defendants' supplemental authority 66 is granted. Mailed notice(rj, ) (Entered: 07/18/2013) |
| 08/16/2013 | 70 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Additional Authority* (Attachments: # 1 Exhibit 1)(Schutte, Scott) (Entered: 08/16/2013) |
| 08/16/2013 | 71 | NOTICE of Motion by Scott T. Schutte for presentment of motion for leave to file 70 before Honorable Joan B. Gottschall on 9/4/2013 at 09:30 AM. (Schutte, Scott) (Entered: 08/16/2013) |
| 08/27/2013 | 72 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *Plaintiffs' Motion for Leave to File Response to Defendants' Additional Authority* (Attachments: # 1 Exhibit 1)(Bates, Joseph Henry) (Docket text modified by Clerk's Office.) (Entered: 08/27/2013) |
| 08/27/2013 | 73 | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion for leave to file 72 before Honorable Joan B. Gottschall on 9/4/2013 at 09:30 AM. (Bates, Joseph Henry) (Entered: 08/27/2013) |
| 09/04/2013 | 74 | MINUTE entry before Honorable Joan B. Gottschall: H & R Block Defendants' motion for leave to submit additional authority 70 is granted. Plaintiffs' motion for leave to file response to Defendants' additional authority 72 is granted. Mailed notice (rj, ) (Entered: 09/04/2013) |
| 12/09/2013 | 75 | MOTION by counsel for Service List to withdraw as attorney *Rebecca Kaufman* (Bates, Joseph Henry) (Entered: 12/09/2013) |
| 12/10/2013 | 76 | NOTICE of Motion by Jennifer Winter Sprengel for presentment of motion to withdraw as attorney 75 before Honorable Joan B. Gottschall on 12/18/2013 at 09:30 AM. (Sprengel, Jennifer) (Entered: 12/10/2013) |
| 12/12/2013 | 77 | MINUTE entry before the Honorable Joan B. Gottschall: Plaintiff's motion to with draw as attorney 75 is granted. Attorney Susan Rebecca Kaufman is withdrawn as attorney of record in this matter. Motion hearing set for 12/18/2013 at 9:30 a.m. 76 is stricken. Mailed notice (ef, ) (Entered: 12/12/2013) |
| 02/21/2014 | 78 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation to certify class *Motion for Class Certification and Stay of Briefing* (Herrera, Daniel) (Entered: 02/21/2014) |

| 02/21/2014 | [79](#) | NOTICE of Motion by Daniel O. Herrera for presentment of motion to certify class [78](#) before Honorable Joan B. Gottschall on 2/26/2014 at 11:00 AM. (Herrera, Daniel) (Entered: 02/21/2014) |
|---|---|---|
| 02/25/2014 | [80](#) | MINUTE entry before the Honorable Joan B. Gottschall: In the interest of judicial economy, Plaintiffs' Motion to certify class [78](#) is denied without prejudice, with the understanding that Plaintiffs' request for class certification remains pending as a placeholder, and no rights are waived. The court will set a schedule for briefing the class certification motion at an appropriate time. Mailed notice (ef, ) (Entered: 02/25/2014) |
| 02/25/2014 | [81](#) | MINUTE entry before the Honorable Joan B. Gottschall: Pursuant to the court's order dated 2/25/2014 [80](#) , Motion hearing set for 2/26/2014 at 11:00 a.m is stricken. No appearance is required. Mailed notice (ef, ) (Entered: 02/25/2014) |
| 04/23/2014 | [82](#) | NOTICE OF MOTION by In Re H & R Block Refund Anticipation Loan Litigation FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY (Attachments: # [1](#) Exhibit 1) (Bates, Joseph Henry) (Docket text Modified by Clerk's Office.). (Entered: 04/23/2014) |
| 04/23/2014 | [83](#) | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion for miscellaneous relief [82](#) before Honorable Joan B. Gottschall on 4/30/2014 at 09:30 AM. (Bates, Joseph Henry) (Entered: 04/23/2014) |
| 04/24/2014 | [84](#) | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for Leave to Submit Additional Authority *PLAINTIFFS' AMENDED MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY* (Attachments: # [1](#) Exhibit 1)(Bates, Joseph Henry) (Entered: 04/24/2014) |
| 04/24/2014 | [85](#) | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of motion for miscellaneous relief [82](#) , motion for miscellaneous relief [84](#) before Honorable Joan B. Gottschall on 4/30/2014 at 09:30 AM. (Bates, Joseph Henry) (Entered: 04/24/2014) |
| 04/29/2014 | [86](#) | MINUTE entry before the Honorable Joan B. Gottschall:Plaintiff's Amended Motion for Leave to Submit Additional Authority [84](#) is granted. In the future, parties seeking to submit additional authority should do so and not use new authority as an excuse for further briefing. If parties need to file a supplemental brief, they should seek that relief directly. Motion hearing set 4/30/2014 is stricken. Mailed notice (ef, ) (Entered: 04/29/2014) |
| 05/07/2014 | [87](#) | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to file *H&R Block Defendants Motion for Leave to File Supplemental Brief in Response to Plaintiffs Additional Authority* (Attachments: # [1](#) Exhibit A)(Schutte, Scott) (Entered: 05/07/2014) |
| 05/07/2014 | [88](#) | NOTICE of Motion by Scott T. Schutte for presentment of motion for leave to file [87](#) before Honorable Joan B. Gottschall on 5/14/2014 at 09:30 AM. (Schutte, Scott) (Entered: 05/07/2014) |
| 05/13/2014 | [89](#) | MINUTE entry before the Honorable Joan B. Gottschall: Defendants H&R Block's Motion for leave to file their Response to PlaintiffsAmended Motion for Leave to Submit Additional Authority, [87](#) is granted. Motion hearing set for 5/14/2014 is stricken. Mailed |

| 07/23/2014 | 90 | ORDER: Enter Memorandum Opinion and Order. Defendants' motion to compel arbitration and stay proceedings 22 is granted. These cases are stayed pending arbitration in accordance with 9 U.S.C. § 3. The clerk is respectfully directed to close this case and all member cases associated with MDL No. 2373. Signed by the Honorable Joan B. Gottschall on 7/23/2014. Mailed notice(ef, ) (Entered: 07/23/2014) |
|---|---|---|
| 07/23/2014 | 91 | MEMORANDUM Opinion and Order Signed by the Honorable Joan B. Gottschall on 7/23/2014. Mailed notice(ef, ) (Entered: 07/23/2014) |
| 08/20/2014 | 92 | NOTICE of Motion by Joseph Henry "Hank" Bates, III for presentment of before Honorable Joan B. Gottschall on 9/3/2014 at 09:30 AM. (Bates, Joseph Henry) (Entered: 08/20/2014) |
| 08/20/2014 | 93 | MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to appeal *Plaintiffs' Motion to Certify Interlocutory Appeal and Amend Order* (Bates, Joseph Henry) (Entered: 08/20/2014) |
| 08/20/2014 | 94 | MEMORANDUM by H & R Block Refund Anticipation Loan Litigation in support of motion for leave to appeal 93 (Bates, Joseph Henry) (Entered: 08/20/2014) |
| 09/03/2014 | 95 | MINUTE entry before the Honorable Joan B. Gottschall: Motion hearing held. Response to Motion to Certify Interlocutory Appeal and Amend Order 93 due 9/17/2014. Reply due 9/24/2014. If necessary, a status date will be set with the ruling on the motion. Mailed notice (ef, ) (Entered: 09/04/2014) |
| 09/17/2014 | 96 | RESPONSE by H & R Block Refund Anticipation Loan Litigationin Opposition to MOTION by In Re H & R Block Refund Anticipation Loan Litigation for leave to appeal *Plaintiffs' Motion to Certify Interlocutory Appeal and Amend Order* 93 (Schutte, Scott) (Entered: 09/17/2014) |
| 09/24/2014 | 97 | REPLY by In Re H & R Block Refund Anticipation Loan Litigation to motion for leave to appeal 93 ›Reply Memorandum of Law in Further Support of Plaintiffs' Motin to Certify Interlocutory Appeal and Amend Order (Bates, Joseph Henry) (Docket text modified on 9/25/2014 by Clerk's Office.) (tlm). (Entered: 09/24/2014) |
| 10/08/2014 | 98 | ORDER: Plaintiffs' motion to certify interlocutory appeal and amend order 93 is granted. This court certifies that its July 23, 2014, Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). The July 23, 2014, Order is amended to include this certification. See Fed. R. App. P. 5(a)(3). Signed by the Honorable Joan B. Gottschall on 10/8/2014. (For further details see order.) Mailed notice(ef, ) (Entered: 10/08/2014) |

**PACER Service Center**

| 10/17/2014 10:31:50 | | | |
|---|---|---|---|
| **PACER Login:** | ap0000:3355484:0 | **Client Code:** | 07_117 |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-02973 |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |